## OWL DRUG CO. *v.* UNITED STATES (NO. 2586) [1]

OLIVE OIL IN BOTTLES.

Small bottles of olive oil were correctly assessed under paragraph 54, Tariff Act of 1922—"* * * olive oil, weighing with the immediate container less than forty pounds, 7½ cents per pound on contents and container." The provision is as "specific as English language can make it." The oil can not be dutiable under paragraph 54 as "olive oil not specially provided for" and the bottles under paragraph 217 as bottles not specially provided for, because the bottles are specially provided for in the first quoted provision of paragraph 54.

### United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 49109

[Affirmed.]

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument December 8, 1925, by Mr. Richardson and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise imported in this case was olive oil in bottles of 16, 8, and 4 ounce sizes. The bottles were flint glass, blown in the mold, which, after being filled with oil, were corked and sealed, had a fancy, descriptive label attached thereto, and were then packed in cases and thus imported. Each bottle, with its contents, weighed less than 40 pounds. They were classified for duty by the collector as olive oil in glass containers, under paragraph 54 of the Tariff Act of 1922, at 7½ cents per pound. The importer, in its protest, claimed the olive oil, less the weight of the bottles, should be dutiable at 6½ or 7½ cents per pound, under said paragraph 54, and that the bottles are dutiable at 1 cent per pound, or 50 cents per gross, net, under the provisions of paragraph 217 of said act.

The paragraphs in question are as follows:

54. * * * olive oil, weighing with the immediate container less than forty pounds, 7½ cents per pound on contents and container; olive oil, not specially provided for, 6½ cents per pound; * * *.

---

[1] T. D. 41319.

217. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of a pint, 1½ cents per pound; if holding less than one-fourth of a pint, 50 cents per gross: *Provided,* That the terms "bottles," "vials," "jars," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

There is little or no call for construction here. If these bottles are specifically provided for in said paragraph 54, then they can not, by any species of logic, be held to be within the scope of paragraph 217, for paragraph 217 applies only to bottles "not specially provided for." That they are thus specially provided for in paragraph 54, is plain. That language is, as the court below properly states, "as specific as English language can make it." It is admitted that the bottles in question are containers; that they are the immediate containers also is not open to question. The paragraph provides that the duty shall be paid, by weight, on "contents and container." This language is plain and unambiguous and needs no aids to its construction. The court below properly sustained the classification, and its judgment is therefore *affirmed.*